# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WILSON NORWOOD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. PINA, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00830-OWW-SMS PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, AND DIRECTING CLERK'S OFFICE TO ENTER JUDGMENT<br><br>(Doc. 13) |

**Screening Order**

**I.　Screening Requirement**

Plaintiff Kenneth Wilson Norwood, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 11, 2009. On December 4, 2009, the Court dismissed Plaintiff's amended complaint, filed May 27, 2009, with leave to amend.[1] Plaintiff filed a second amended complaint on December 23, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

---

[1] Plaintiff's original complaint was stricken because Plaintiff failed to sign it.

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

**II.     Summary of Allegations**

In his first amended complaint, Plaintiff, who is currently housed at Kern Valley State Prison, brought suit against Lieutenant Pina, Sergeant Sumaya, and Captain Jennings for violating his constitutional rights while he was housed at California State Prison-Corcoran. Plaintiff alleged that his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment and under the Eighth Amendment were violated when he was charged with and found guilty of disobeying a peace office by refusing a cellmate.

In his amended complaint, Plaintiff alleges that Defendant Pina violated his right to due process by failing to comply with state regulations governing disciplinary hearings. Plaintiff alleges a protected liberty interest arising from the regulations, and from the deprivation of property and yard privileges and other rights enjoyed by other inmates.

**III.    Due Process Claim**

As the Court previously informed Plaintiff, in order to invoke the protection of the Due Process Clause of the Fourteenth Amendment, Plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law, Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005), but the Due Process Clause itself does not confer on Plaintiff a liberty interest in avoiding "more adverse conditions of confinement," id.; Hewitt v. Helms, 459 U.S. 460, 466-68, 103 S.Ct. 864 (1983).

"[T]he touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.'" Wilkinson at 223 (quoting Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995)). State-created liberty interests are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

In his second amended complaint, Plaintiff alleges that the California Code of Regulations creates a liberty interest, of which he was deprived when Defendant failed to follow the regulations by refusing to consider Plaintiff's evidence and by using evidence that was "illegal" and irrelevant. (Doc. 13, court record p. 4.) Further, Plaintiff alleges that he was deprived of his property, yard time, and other privileges enjoyed by other inmates.

Plaintiff's allegations do not demonstrate the existence of a federally protected liberty interest. Plaintiff may not rely on state regulations to demonstrate the existence of a protected interest, and the loss of property and yard privileges is not a condition that rises to the level of atypical and significant hardship. Wilkinson at 223; Sandin at 484. Because Plaintiff was not deprived of a protected liberty interest, his due process claim fails as a matter of law.

**IV.   Conclusion and Order**

Plaintiff's second amended complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously granted leave to amend to cure the deficiency in this claim but was unable to do so, and further leave to amend is not warranted. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, it is HEREBY ORDERED that:

1. This action is dismissed, with prejudice, for failure to state a claim under section 1983; and

///
///
///
///

2. The Clerk of the Court shall enter judgment.

IT IS SO ORDERED.

**Dated:   January 15, 2010**            /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE